# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                    Case No. 15-CR-22

**JAYSON J. JACKSON,**

    **Defendant.**

## ORDER DENYING DEFENDANT'S REQUEST FOR *FRANKS* HEARING AND EVIDENTIARY HEARING ON MOTION TO SUPPRESS

On February 18, 2015, a grand jury sitting in the Eastern District of Wisconsin returned a three-count indictment against defendant Jayson J. Jackson ("Jackson"). The indictment charges him with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2). The matter is presently before me on Jackson's motion to suppress and request for an evidentiary hearing and a *Franks* hearing.

## BACKGROUND

The facts underlying the motion are taken from the defendant's brief and are as follows: Around 2:30 p.m. on October 20, 2014, Jackson was pulled over on the 900 block of West North Avenue by a Milwaukee County sheriff's deputy, Joel Streicher ("Streicher"). (Mtn. to Suppress, Docket # 12 at 3.) Jackson also had a passenger in the car, Felecia Lemberger ("Lemberger"). (*Id.* at 4.) Streicher's reason for pulling over Jackson's car was that he believed the car's windows were tinted darker than allowed by local ordinance. (*Id.*) As he approached the car, Streicher reported that

he smelled the odor of fresh marijuana. (*Id.*) Both Jackson and Lemberger were removed from the car, and the car was searched. (*Id.*) The search yielded a can of degreaser, which when "unscrewed" contained two small plastic baggies of marijuana. (*Id.* at 4-5.) Jackson was then placed in handcuffs and placed in the back of a squad car. (*Id.* at 5.) He waived his *Miranda* rights, and answered questions from the deputies while the conversation was being recorded. (*Id.*) He admitted to possessing the marijuana. (*Id.*) At some point thereafter, Streicher asked Jackson about his residence, including whether he had "any weapons, such as a pistol" at his house. (*Id.*) Jackson replied, according to Streicher, "only for my protection." (*Id.*) This exchange was not recorded. (*Id.*) Lemberger was also questioned, and she was asked to identify Jackson's house. (*Id.* at 6.) She was released after doing so. (*Id.*) Later the same day, the deputies obtained a search warrant for Jackson's residence, which they executed that day. (*Id.*) At the house, deputies found two firearms, marijuana, and a large amount of cash. (*Id.*)

## MOTION TO SUPPRESS

In his motion to suppress, Jackson makes several arguments:

> (1) that the police lacked probable cause to conduct a traffic stop;
>
> (2) that the police lacked probable cause to search his vehicle;
>
> (3) that the government violated *Franks v. Deleware*, 438 U.S. 154 (1978), by knowingly or recklessly submitting false information in an application for a search warrant for Jackson's home; and
>
> (4) that Jackson's statements, following both the search of his car as well as following the search of his home, must be suppressed as fruit of the poisonous tree.

As part of the motion to suppress, Jackson seeks an evidentiary hearing on the first two issues as well as a *Franks* hearing. The government responded to the motion and states that it does not believe that

Jackson has met his burden as to his request for an evidentiary hearing or as to his request for a *Franks* hearing.

   *1.   Franks Hearing*

I begin with Jackson's request for a *Franks* hearing. A defendant is entitled to a *Franks* hearing only if he makes a "'substantial preliminary showing' that: (1) the affidavit contained a material false statement; (2) the affiant made the false statement intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to support the finding of probable cause." *United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001) (quoting *Franks v. Deleware*, 438 U.S. 154, 155–56 (1978)). Furthermore, "*Franks* makes it clear that affidavits supporting a search warrant are presumed valid, and that the 'substantial preliminary showing' that must be made to entitle the defendant to an evidentiary hearing must focus on the state of mind of the warrant affiant," i.e., the law enforcement officer who sought the search warrant. *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000) (citing *Franks*, 438 U.S. at 171). The inquiry is "not whether the affidavit contains a false statement, but whether the affiant knew or should have known that a statement was false." *United States v. Schultz*, 586 F.3d 526, 531 (7th Cir. 2009) (citing *Jones*, 208 F.3d at 603). Consequently, "[t]he defendant must offer evidence showing either that the warrant affiant lied or that the warrant affiant recklessly disregarded the truth because he 'in fact entertained serious doubts as to the truth of his allegations' or had 'obvious reasons to doubt the veracity of the allegations.'" *Jones*, 208 F.3d at 607 (quoting *United States v. Williams*, 737 F.2d 594, 602 (7th Cir. 1984)). To meet this "substantial" burden, the defendant must make allegations, accompanied by an offer of proof, that are "more than conclusory and must be supported by more than a mere desire to cross-examine."

*Franks*, 438 U.S. at 171. Accordingly, "*Franks* hearings are rarely required." *United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009) (citing *Maro*, 272 F.3d at 821).

Here, Jackson's counsel has submitted the affidavit of investigator David Janisch ("Janisch"). (Docket # 12-2.) In it, Janisch avers that Lemberger (the passenger in Jackson's car) provided a written statement to Janisch that she did not tell the deputies that she had seen marijuana or firearms at Jackson's house, despite the affidavit in support of the application for a search warrant stating that she had said those things to the deputies. (*Id.*) While the affidavit quotes from a statement from Lembegerger, it is not the affidavit of Lemberger. In *Franks*, the Supreme Court stated, "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." 438 U.S. at 171. Here, Jackson has provided neither an affidavit nor an explanation for not providing a sworn statement from Lemberger. Therefore, Jackson has not made a "substantial preliminary showing." His request for a *Franks* hearing is denied without prejudice.

2.  *Evidentiary Hearing*

I now turn to Jackson's request for an evidentiary hearing. As noted above, Jackson seeks a hearing on the first two issues presented in his motion: (1) whether the police had probable cause to stop his vehicle and (2) whether they had probable cause to search the car. The defendant lists the following facts as being in dispute:

> (1) whether the deputy's observation of Jackson's car windows provided probable cause that they were illegally tinted;
>
> (2) whether the smell of "fresh marijuana" could be detected from Jackson's car;
>
> (3) what Jackson communicated to the deputies in the minutes following the traffic stop, including whether he made any statements about air freshener or his residence and items at his residence; and

> (4) what Lemberger communicated to the sheriff's deputies at the time of the stop, including whether she had seen a firearm and marijuana at Jackson's residence, as well as what the circumstances were of any statement she made.

(Docket # 12 at 7.)

It is well established that evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998). Evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief. *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986) ("[A] trial court need only grant a suppression hearing when a defendant presents facts justifying relief, that is, facts which are definite, specific, detailed and nonconjectural.").

As to the first issue—whether there was probable cause to search the car—Jackson has presented no factual dispute that requires a hearing. While he argues that the officer did not specify, for example, the lighting conditions or the angle at which he observed Jackson's car, the fact that Jackson's windows were tinted is not contested. Additionally, Jackson offers no counter for the test results that showed the windows were tinted such that only 12.3% of light was transmitted, well below the 50% requirement under Milwaukee Ordinance § 104-5. Jackson's arguments fail to meet the standard of justifying an evidentiary hearing as he must do more than question the facts as presented.

I now turn to the second issue—whether there was probable cause to search the vehicle. The deputy stated that he had probable cause to search the car because he detected the odor of fresh

marijuana coming from the car. Jackson lists one of the disputed facts as whether the odor of fresh marijuana could be detected coming from his car. In his motion, Jackson also states that Lemberger has subsequently stated that she did not tell the deputies she smelled marijuana in the vehicle. (Docket # 12 at 7.) As noted above, Jackson has provided the affidavit of an investigator, which included quoted portions of a statement the investigator obtained from Lemberger. However, Janisch's affidavit does not actually speak to this issue, and as discussed earlier, counsel does not present an affidavit from Lemberger herself or proffer that she would testify that she could not smell marijuana in the car. In short, the defendant has not presented facts sufficient to meet his burden to receive an evidentiary hearing, and therefore his request for an evidentiary hearing is denied without prejudice.

**IT IS THEREFORE ORDERED** that Jackson's requests for an evidentiary hearing and a *Franks* hearing are **DENIED WITHOUT PREJUDICE**. If the defendant wishes to resubmit his request for either a *Franks* hearing or an evidentiary hearing, or a request for both, he must do so no later than April 17, 2015.

Dated at Milwaukee, Wisconsin this 10th day of April, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge